```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
                                      :
PATRICIA MCLAMB
                                      :
   v.                                 :   Civil Action No. DKC 23-3365
                                      :
THE CITY OF MT. RAINIER, et al.
                                      :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case arising from a building permit dispute is the motion for leave to amend filed by Plaintiff Patricia McLamb ("Ms. McLamb" or "Plaintiff"). (ECF No. 20). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted in part and denied in part.

**I.  Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 18). Ms. McLamb filed this lawsuit on December 12, 2023, against The City of Mount Rainier (the "City"), Prince George's County, Maryland (the "County"), Alma Ferrufino ("Ms. Ferrufino"), Ukkundo'Oohwaka ("Mr. Ukkundo'Oohwaka"), and Darrell Terry ("Mr. Terry"). (ECF No. 1). On February 12, 2024, the City, Ms. Ferrufino, and Mr. Ukkundo'Oohwaka filed a motion to dismiss, or in the alternative, for summary judgment with respect

to the claims against them. (ECF No. 13). The court granted the motion, construed as a motion to dismiss, on September 6, 2024, and provided Plaintiff twenty-one days to file a motion for leave to amend. (ECF Nos. 18-19). Plaintiff filed the pending motion for leave to amend the complaint eliminating her claims against the City and the County and amending her claims against Ms. Ferrufino, Mr. Ukkundo'Oohwaka, and Mr. Terry, on September 27, 2024. (ECF No. 20).[1] Ms. Ferrufino and Mr. Ukkundo'Oohwaka (collectively, "City Defendants") opposed Plaintiff's motion on October 11, 2024 (ECF No. 21), and Plaintiff replied on October 25, 2024. (ECF No. 22). Mr. Terry, who answered the original complaint, did not file a response in opposition to Plaintiff's motion.

---

[1] Pursuant to Local Rule 103.6(d), Plaintiff's counsel was required to request the consent of opposing counsel prior to filing the motion requesting leave to file the amended complaint. Plaintiff's counsel avers that he contacted counsel for each defendant "[o]n September 27, 2024, at approximately 4:55 p.m." via email, which is the same day the pending motion was filed with the court. (ECF No. 20, at 4). Plaintiff's counsel further states that "counsel for Defendants did not respond . . . prior to the filing of this motion." (*Id.*). The City Defendants do not challenge Plaintiff's compliance with Local Rule 103.6(d). Waiting to seek consent until the end of the day on which leave to amend will be requested does not seem to be in line with the purpose of the rule.

**II.   Standard of Review**

Fed.R.Civ.P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  "Denial of leave to amend should occur 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *Jarallah v. Thompson*, 123 F.Supp.3d 719, 728 (D.Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  An amendment is futile if it is clearly insufficient or frivolous on its face and would not survive a motion to dismiss.  *See Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 769 (D.Md. 2010).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, that when accepted as true, is sufficient to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

## III. Analysis

Ms. McLamb requests leave to amend to add "additional factual allegations to address the deficiencies identified by the Court" in the prior opinion. (ECF No. 20, at 4). The proposed amended complaint eliminates all claims against the City and the County and eliminates Plaintiff's claims under the Fifth Amendment, the Fourteenth Amendment's substantive due process clause, and the Maryland Constitution. The claims alleged in Ms. McLamb's amended complaint are Equal Protection Claims against Ms. Ferrufino and Mr. Ukkundo'Oohwaka (Count I), Gross Negligence against Ms. Ferrufino, Mr. Ukkundo'Oohwaka, and Mr. Terry (Count II), Abuse of Process against Mr. Terry (Count III), Intentional Infliction of Emotional Distress by Mr. Terry (Count IV), and a claim for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962 (c), against Mr. Terry (Count V). (ECF No. 20-1).

Ms. Ferrufino and Mr. Ukkundo'Oohwaka ("City Defendants") argue that Ms. McLamb's motion should be denied because the proposed amended complaint, as to the counts against them, "fails

4

to plausibly state a claim for which relief can be granted" and therefore the counts are futile.  (ECF No. 21, at 1).

### A. Count I: Equal Protection

Plaintiff alleges that "while acting under color of state law, [the City Defendants] arbitrarily singled-out Ms. McLamb in the code enforcement process and deprived her of equal protection under the law."  (ECF No. 20 ¶ 62).  Plaintiff further alleges that the City Defendants "imposed a discriminatory barrier that prohibited and continues to prohibit Ms. McLamb from receiving the same benefits or opportunities under the law that [the City Defendants] readily confer upon other similarly situated permit holders." (*Id.*).  The City Defendants argue that Plaintiff's claim in the amended complaint is "substantively unchanged from the argument that this court previously rejected" and therefore Plaintiff fails to plausibly allege a violation of her the Equal Protection Clause.  (ECF No. 21, at 5-6).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1).

5

Plaintiff is proceeding under a class-of-one theory and therefore she must allege that she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Thus, "[p]roof of . . . discriminatory intent or purpose *is* required to show a violation of the Equal Protection Clause of the Fourteenth Amendment." *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

Plaintiff alleges that she is similarly situated to the holder of Permit 8094-2023-0 who was allowed to complete demolition work on its property. (ECF No. 20-1 ¶ 63).[2]  Plaintiff alleges that,

> a) The permits issued to Ms. McLamb and the other homeowner by [Prince George's County Department of Permitting, Inspections and Enforcement] DPIE both called for and authorized demolition work to be performed at the respective properties, as reflected in the drawings or site plan both submitted to DPIE;
> b) Ms. McLamb and the other homeowner both were required to obtain approval from the [City of Mt. Rainier's Design Review Board]

---

[2] The proposed amended complaint explicitly references this Permit but Plaintiff did not attach a copy of it to the complaint. Defendants, however, included it as an exhibit to their previous motion to dismiss. (ECF No. 13-9). When a document is explicitly relied on in a complaint, it may be considered on a motion to dismiss. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

> DRB to perform the demolition work on their respective properties;
> c) The DRB approved the requests of Ms. McLamb and the other homeowner to perform demolition work on their respective properties in accordance with the drawings approved by DPIE; and
> d) Ms. McLamb's property and the other homeowner's property are both single-family residences. The properties are situated on the same street, in the same neighborhood.

(*Id.*). The City Defendants argue that Plaintiff is not similarly situated to the holder of Permit 8094-2023-0 because, facially, the two permits are different. (ECF No. 21, at 6-7). The City Defendants further aver that Plaintiff "has . . . not pleaded any factual allegations related to County Permit No. 8094-2023-0's site plan" and that "similarities in the site plans are insufficient to establish that Plaintiff and the grantee of County Permit No. 8094-2023-0 are similarly situated given that the permits are facially distinct." (ECF No. 21, at 7).

On the face of the County Permits, Plaintiff is not similarly situated to the other homeowner. Plaintiff's County permit authorizes a "Addition: 40' X 8' X 29' Second Story Addition," without any explicit reference to demolition, while Permit 8094-2023-0 expressly authorizes "Main floor non load bearing demolition." (ECF Nos. 1-3, at 2; 13-9, at 1). Even if Plaintiff's allegations regarding the DRB's approval of Plaintiff

7

and the other homeowner's requests to "perform demolition work on their respective properties in accordance with the drawings approved by DPIE," makes them similarly situated, Plaintiff would still need to show discriminatory animus.

The United States Court of Appeals for the Fourth Circuit has explained:

> Discriminatory animus cannot be established simply by showing "that a benefit was denied to one person while conferred on another." *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 819 (4th Cir. 1995). Rather, there must be some evidence that the disparate treatment was intentionally selected to produce "adverse effects upon an identifiable group" or individual. *Wayte v. United States*, 470 U.S. 598, 610, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) (quoting *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979)). Such evidence can come in various forms. For example, a complainant might provide facts that establish the decisionmaker harbored ill will toward her or a class of which she was a member; she might provide evidence of a pattern of historical discrimination intended to disadvantage a particular person or class; or she might point to statements in the contemporaneous record that evince a discriminatory purpose. *See Sylvia Dev. Corp.*, 48 F.3d at 819.

*SAS Assocs. 1, LLC v. City Council for City of Chesapeake, Va.*, 91 F.4th 715, 720-721 (4th Cir. 2024). Plaintiff seemingly attempts to imply discriminatory animus on the basis of race by alleging that her "status as a Hispanic female is the only meaningful

8

difference between Ms. McLamb and the other homeowner . . . [which] is a business entity." (ECF No. 20 ¶ 64). Plaintiff, however, fails to allege any facts that establish ill will, historic discrimination, or statements or actions on the part of the City Defendants that demonstrate a discriminatory purpose. Instead, Plaintiff's allegations at best demonstrate a refusal by the City Defendants to review the Site Plan or the record from the hearing at the DRB prior to issuing the stop work order. (*See* ECF No. 20-1, at 16-17).

Accordingly, Plaintiff's motion for leave to amend will be denied as to Count I.

### B. Count II: Gross Negligence

In Count II, Plaintiff alleges that the City Defendants acted in a grossly negligent manner by (1) "recklessly prevent[ing] Ms. McLamb from performing the permitted construction and demolition work on the Subject Property, namely though the issuance of unreasonable orders and baseless citations;" (2) "failing to review the approved Site Plan prior to interfering with Ms. McLamb's right to perform the work at the Subject Property" or the "record from the hearing before DRB;" and (3) refusing to allow Plaintiff to secure the last remaining exterior wall. (ECF No. 20 ¶¶ 76, 78, 79, 82). The City Defendants argue that "Plaintiff has

9

failed to plausibly state a claim for which relief can be granted." (ECF No. 21, at 9).[3]

The Supreme Court of Maryland has explained that gross negligence is

> an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he [or she] inflicts injury intentionally or is so utterly indifferent to the rights of others that he [or she] acts as if such rights did not exist.

*Cooper v. Rodriguez*, 443 Md. 680, 708 (2015) (quoting *Barbre v. Pope*, 402 Md. 157, 187 (2007)).

> In short, "[g]ross negligence has been equated with 'wilful and wanton misconduct,' a 'wanton or reckless disregard for human life or for the rights of others.'" *Foor v. Juvenile Servs. Admin.*, 78 Md. App. 151, 175, 552 A.2d 947, 956 (1989) (citation omitted), *cert.*

---

[3] The City Defendants note that "Plaintiff has styled Count II of her proposed Amended Complaint as a claim for 'Gross Negligence'" but this change is "not reflected in the redline version submitted to the Court." (ECF No. 21, at 8). The City Defendants, therefore, argued in the alternative that even as a negligence claim, Count II "must fail [because] Ms. Ferrufino and Mr. Ukkundo'Oohwaka are entitled to public official immunity." (*Id.*). In her reply, Plaintiff argues that the proposed amended complaint "makes clear that Defendants acted in a grossly negligent and/or reckless manner." Count II will be analyzed as a claim for gross negligence.

> *denied* 316 Md. 364, 558 A.2d 1206 (1989); *see Wells v. State*, 100 Md. App. 693, 702-03, 642 A.2d 879, 883-84 (1994) (stating that gross negligence "implies malice and evil intention") (citations and quotations omitted), *cert. denied* 336 Md. 560, 649 A.2d 602 (1994). "When dealing with such a standard, bald and conclusory allegations will not suffice; specificity is required.'" *Foor*, 78 Md. App. at 170, 552 A.2d at 956 (citing *Smith v. Gray Concrete Pipe Co.*, 267 Md. 149, 168, 297 A.2d 721, 731-32 (1972) and *Nast v. Lockett*, 312 Md. 343, 370, 539 A.2d 1113, 1126-27 (1988)). And, "'the quantity of the negligence in [a] case does not change the quality of that negligence so that it becomes different from ordinary lack of care.'" *The Maryland Jockey Club of Balt. City, Inc. v. Balt. Gas & Elec. Co.*, No. 2364 Sept. Term 2001, 2002 WL 32123994, at *10 (Md. Ct. Spec. App. Dec. 17, 2002) (quoting *Medina v. Meilhammer*, 62 Md. App. 239, 251, 489 A.2d 35, 41 (1985)).

*Doe v. Comm. Coll. of Balt. Cnty.*, 595 F.Supp.3d 392, 421-22 (D.Md. 2022). The determination of whether one acted with gross negligence is generally fact-dependent. *See Cooper*, 443 Md. at 708-09.

Plaintiff alleges that the City Defendant's actions were done "recklessly," but she has provided no factual allegations to support this conclusion. At best, Plaintiff alleges that the City Defendants issued a stop work order without reviewing the Site Plan or the record from the DRB hearing and ultimately refused to allow Plaintiff to secure the standing wall. Indeed, the amended

11

complaint fails to allege facts that show "wanton or reckless disregard for the rights of others." *See Comm. Coll. of Balt. Cnty.*, 595 F.Supp.3d at 422. Judge Hollander has explained,

> What the Maryland Court of Appeals stated in *Wells* [*v. State*], 100 Md.App. [693,] at 705–06, 642 A.2d [879] at 885 [(1994)], is apt here. Even if the allegations, taken in the light most favorable to plaintiff, "suggest individual negligence and bureaucratic mismanagement and incompetence" or suggest "a critically important governmental unit not properly doing its job because of underfunding, understaffing, lack of effective leadership and supervision, lack of training, and lack of clear procedures and protocols," that is not sufficient to indicate "malice, evil intention, or wanton, wilful, or reckless disregard for human life or the rights of others." *Id.*

*Francis v. Maryland*, 2023 WL 2456553, at *35 (D.Md. Mar. 10, 2023) (citation modified). Accordingly, Plaintiff's motion will be denied as to Count II against the City Defendants.[4]

---

[4] The proposed amended complaint adds a contention that "Defendant Terry owed a special duty of care to Ms. Lamb because, through his illicit actions, he created a substantial risk of harm to Ms. Lamb" and that he "breached his duty of care owed to Ms. McLamb by soliciting sexual favors from Ms. McLamb in exchange for lifting the Stop Work Order." (ECF No. 20-1 ¶¶ 75, 84). Mr. Terry did not challenge the original complaint that contained a negligence claim without those additional contentions.

**IV.  Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to amend will be granted in part and denied in part.  A separate order will follow.

                                              /s/
                            DEBORAH K. CHASANOW
                            United States District Judge